Where the paternity of the petitioner was established in Germany more than 20 years ago, and on account thereof money was paid to the petitioner by his alleged father on his attaining his majority, a commission will not be issued at his request to take the testimony of witnesses in Germany to impeach the correctness of such determination.

In the matter of the estate of Andrew Neidnig. Motion for issuance of a commission. Motion denied.

Edmund Fletcher Driggs, for petitioner.

Watson & Kristellar (Charles H. Kelby, of counsel), for respondents.

CHURCH, S. The question involved in this motion for the issuance of a commission to Germany is the legitimacy of the administrator. A legal proceeding was had in Germany, shortly after the petitioner's birth, in which his mother averred that his father was a man other than the deceased herein; and, as a result of this proceeding, a substantial sum of money was paid by said alleged father;

the proportion of that which was allotted to the petitioner being collected by him on attaining his majority.

The petitioner asks for a commission to take the testimony of the burgomaster who was at the trial, and also of two persons who, it is claimed, heard the deceased acknowledge that he was the father of the petitioner. A decree of a foreign court having jurisdiction of the cause and of the parties is entitled to full credence here. Hilton v. Guyot, 159 U. S. 112, 16 Sup. Ct. 139, 40 L. Ed. 95. If obtained by fraud, or without jurisdiction, there are circumstances under which it may be assailed, but that must be by the party who has suffered by the fraud; but the petitioner here is the party who has benefited by the fraud, if any, and to permit statements of the burgomaster, or any one else, as to what took place at a trial held over 20 years ago, would be improper. Concerning the testimony of the other witnesses, as it does not appear that the same is competent, a commission should not issue to them.

Motion denied.